**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| JOSE R. DIAZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:05-CV-137 (WLS) |
| | : | |
| DEWAYNE AYERS, | : | |
| LARRY EDWARDS, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Respondents. | : | |

**RECOMMENDATION OF DISMISSAL**

*Pro se* petitioner Jose R. Diaz filed the within action seeking a writ of mandamus. Petitioner also sought leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (2000). Because petitioner seeks leave to proceed *in forma pauperis* the Court must first determine whether the filing fee requirements of the Prison Litigation Reform Act ("PLRA") are applicable to mandamus petitions. "In determining the meaning of the statute, we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." Crandon v. United States, 494 U.S. 152, 158 (1990). In this circumstance, Congress has not defined "civil action" for purposes of the PLRA. *See*, e.g. Anderson v. Butterworth, 111 F.3d 801, 803 (11th Cir. 1997).

The PLRA, as codified at 28 U.S.C. § 1915(g) provides the following:

1

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Accordingly the Eleventh Circuit upheld the constitutionality of § 1915(g).  Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998).  A review of court records reveals that petitioner has accumulated three "strikes."  Diaz v. Conway, 1:00-cv-1558-TWT (N.D. Ga. 2000); Diaz v. DeLong, 1:99-cv-3379-TWT (N.D. Ga. 2000); Diaz v. Conway, No. 00-13973-I (11th Cir. 2001)(appeal from 1:00-cv-112-TWT (N.D. Ga. 2000)).

The prevailing approach among the circuits that have explicitly addressed the issue of whether a writ of mandamus is a civil action under the PLRA, is that a court must look to the nature of the underlying action to make said determination.  This approach preserves the writ for prisoners who have no other means of (1) obtaining relief in a criminal action, (2) obtaining review of a certain order or (3) compelling a district judge to act.  *See* Madden v. Myers, 102 F.3d 74, 77 (1996).

Employing the approach of looking to the nature of the underlying action, the Court now turns to petitioner's action.  Petitioner requests this Court to order respondents DeWayne Ayers and Larry Edwards, employees at Calhoun State Prison in Morgan Georgia to provide him with medical treatment for a "dermatitis rash."  It is clear that the underlying nature of Petitioner's action is a 42 U.S.C. § 1983 (2000) action.  Accordingly, the Court finds that petitioner must meet the requirements of § 1915(g) before the Court can consider the merits of his petition.

As petitioner has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).  Petitioner has made no allegations of "imminent danger of serious physical injury."

Because petitioner has more than three prior dismissals and is not under imminent danger of serious injury, the undersigned **RECOMMENDS** that his request to proceed *in forma pauperis* be **DENIED** and that the instant action be **DISMISSED**.  If petitioner wishes to bring a new petition for writ of mandamus, he may do so by submitting a new petition and the entire $250.00[1] filing fee at the time of the filing of the petition.

As stated by the Eleventh Circuit, a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the action.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Pursuant to 28 U.S.C. § 636(b)(1) (2000), petitioner may serve and file written objections to this **RECOMMENDATION** with the United States District Judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh

---

[1] The filing fee required for petitions for writ of mandamus is $250.00. See 28 U.S.C. § 1914 (2000).

3